BELLE LEAKE, *Plaintiff in Error,* v. T. J. WATKINS, *Defendant in Error.*

Opinion Filed March 7, 1917.

Where the charges given accord with the evidence and the law applicable thereto, and there is ample evidence to sustain the verdict, technical errors, if any, in giving or refusing instructions to the jury, or in other proceedings, will not cause a reversal of the judgment, no material errors appearing.

Writ of Error to Circuit Court for Orange County; F. A. Whitney, Judge.

Judgment affirmed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*Massey & Warlow,* for Defendant in Error.

PER CURIAM.—The plaintiff in error brought an action against Watkins to recover damages for alleged injuries to her right eye charged to have been caused by dust from "a quantity of brick, dirt and dust" which the defendant's servants permitted to fall near her while they were repairing the building in which she was employed. Trial was had on a plea of not guilty. Verdict and judgment were rendered for the defendant and the plaintiff took writ of error.

A contract between the defendant and R. W. Logan for doing the repair work was admitted in evidence over the defendant's objection. The contract had some relevancy to the question whether the defendant was liable for the acts of the persons who were doing the repairing and its admission in evidence was not error.

The plaintiff requested charges stating in effect that if the defendant undertook to make improvements in his building, under an agreement with the tenant to make such improvements, the defendant owes a duty to such tenant and its employees in said building, to see that the improvements be done in such manner as not to injure the employees by negligence and that the defendant under such circumstances could not relieve himself from responsibility and liability to the tenant and employees for negligence in doing the work, by delegating

such work to an independent contractor under his employment. These requested instructions were refused. At the request of the plaintiff the court gave the following charge:

"If you find from the evidence in this cause that the defendant, T. J. Watkins, gave instructions to the contractor or his employees, as to the manner and method of removing the brick, over the door way in the front part of the building, this will constitute the contractor, or his employees, the agent, of the defendant, and render the defendant liable for any acts of negligence, committed by said contractor or his employees."

The court also gave the following charge:

"If you believe that plaintiff has proven by a greater weight of the evidence that defendant reserved or exercised control over the manner and method of removing the brick and that the accident happened as charged in the declaration, by negligence in the removal, then plaintiff can recover."

In view of these latter charges given there was no harm if error in refusing the charges referred to above. The last quoted charge accords with the evidence and with the law as stated in Mumby v. Bowden, 25 Fla. 454, 6 South. Rep. 453.

Besides this, there is evidence on which the jury could have found that the injury complained of was the result of another and wholly different cause for which it is not alleged or shown that the defendant is liable. No reversible error appears.

Affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.