S. S. MILLIGAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed March 27, 1918.

Petition for rehearing denied May 6, 1918.

1. The fact of a previous difficulty between the witness and the defendant was pertinent evidence as tending to show the attitude of the witness, but the details or particulars of such difficulty were not admissible.

2. Where testimony has already been brought out by the defendant in a criminal prosecution, even if such testimony is not strictly admissible, the defendant cannot object to its repetition when no harm is shown from the repetition.

3. It is not error to refuse requested charges (1) that are in substance covered by charges given; (2) that have no basis in the evidence under the issue; (3) that are not relevant to the issue being tried, or (4) that are incorrect as propositions of law.

4. A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence, or in the charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendant were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendant.

Writ of Error to Circuit Court for Columbia County, M. F. Horne, Judge.

Judgment affirmed.

*J. B. Hodges* and *Guy Gillen*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

WEST, J.—The plaintiff in error was indicted, tried and convicted in the Circuit Court of Columbia County for the larceny of a steer. He was sentenced to serve a term of three years in the State prison and to review this judgment he took a writ of error.

The first assignment of error is based upon a ruling of the trial court in sustaining an objection by the State Attorney to a question asked a State witness upon cross-examination by counsel for the defendant. The question is as follows: "What was he doing to run over you." The witness had been asked on cross-examination if he had ever had any trouble or difficulty with the defendant Milligan and had replied that "he tried to run over me, and I told him that he could not do that at all." The fact of a previous difficulty between the witness and the defendant was pertinent evidence as tending to show the attitude of the witness, but the details or particulars of such difficulty were not admissible, and there was no error in this ruling.

Immediately after this objection had been sustained, and, upon redirect examination, the State Attorney asked the witness, "Did this spat that you had with Milligan affect your testimony in any way," and the ruling of the trial court in overruling an objection of defendant's counsel to this question is the basis of the second assignment of error. The reply to this question was, "No Sir." We have just seen that testimony in reference to this "spat" was admissible because it tended to show the attitude of the witness and the probable effect that his state of feeling toward the defendant would have upon the credibility of the testimony which he gave upon the material questions involved. It was admissible on no other theory. It was therefore not

improper, we think, for the State Attorney to ask this witness if this "spat" which he had with the defendant affected his testimony. Besides testimony of this incident was brought out by counsel for the defendant and, even if it was not strictly admissible, he can not object to this reference to it unless it is made to appear that he suffered injury as a result of such reference. Marshall v. State, 54 Fla. 66, 44 South. Rep. 742.

The contention is also made that the trial court erred in sustaining objections by the State Attorney to questions propounded in cross-examination by counsel for the defense to a State witness. The first of these questions was as follows: "What experience have you had about proving that other parties were guilty of something?" This question was not in cross of anything brought out on direct examination and was clearly not relevant to any issue in the case. The other question was: "When did you tell Arch that?" The State's theory was that the steer alleged to have been stolen by the defendant was butchered in the woods by him and three other persons who were requested by the defendant to assist him.

It appears that there was considerable talk in the neighborhood about the ox having been butchered in the woods and that the three persons who, according to the State's theory, assisted the defendant in butchering it and who were negroes, were themselves suspected of having taken and butchered the steer. This witness had testified that he told Arch Niblack, one of such persons, that it looked suspicious and that "you negroes" had to do something about it. Then it was that the question above stated was asked him. There was no error here. The question was not in cross, and the time

52—Vol. 75.

when this witness made this statement to another person is clearly immaterial to any issue presented upon the trial of the case.

Assignments of error are predicated upon the refusal of the trial judge to give certain special charges requested by the defendant. The general charge was liberal to the defendant and covered the points involved. In the case of Settles v. State, decided at this term we held that "it is not error to refuse requested charges (1) that are in substance covered by charges given; (2) that have no basis in the evidence under the issue; (3) that are not relevant to the issue being tried, or (4) that are incorrect as propositions of law.

It is also well established here that a judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence, or in the charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendant were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendant. Kersey v. State, 73 Fla. 832, 74 South. Rep. 983; Seymour v. State, 66 Fla. 133, 63 South. Rep. 7.

The evidence is amply sufficient to support the verdict and the judgment will be affirmed.

It is so ordered.

Browne, C. J., and Taylor, Whitfield and Ellis J. J., concur.