MILTON BARKER, CHARLOTTE BARKER AND SILAS OATS, *Plaintiffs in Error, v.* THE STATE OF FLOR'DA, *Defendant in Error.*

## Opinion filed August 2, 1918.

A judgment of conviction in a criminal case will not on writ of error or appeal be reversed for technical errors in the admission or rejection of evidence or in charges given or refused, unless it appears from the entire record that such errors injuriously affected substantial rights of the complaining parties.

Writ of Error to Circuit Court for Walton County, A. G. Campbell, Judge.

Judgment affirmed.

*S. K. Gillis,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a conviction of an assault with intent to commit murder in the second degree. The indictment alleges "that Milton Barker, Charlotte Barker and Silas Oats on the 15th day of September, in the year of our Lord one thousand nine hundred and seventeen, at and in the County of Walton, State of Florida, with a certain deadly weapon, to-wit: a knife, which he the said Milton Barker then and there held, in and upon one Nathan Harris with a premeditated design and intent, the said Nathan Harris, then and there unlawfully to kill and murder, then and there an assault did make, and him the said Nathan Harris, did then and there beat, bruise, wound and ill treat, and that the said Charlotte Barker and Silas Oats were then and there present unlawfully and from a premeditated design to effect the intended murder of the said Nathan Harris, aiding, abetting, comforting, procuring, hiring, encouraging and commanding the said Milton Barker, the aforesaid intended murder in manner and form aforesaid to do and to commit, so the said Charlotte Barker and Silas Oats did then and there commit the crime of assault with intent to commit murder."

A motion to quash the indictment was made upon the following grounds, *viz.*:

"1.   The indictment is so framed as to embarrass the defendants, and each of them in his and her defense.

"2.   It does not sufficiently appear whether the defendants, Charlotte Barker and Silas Oats, are charged as principals in the first or second degree or accomplices.

"3.   The indictment does not allege that the defendants, Charlotte Barker and Silas Oats, were unlawfully present when the alleged offence was committed.

"4.   The indictment is otherwise vague, indefinite and uncertain, and does not sufficiently charge any offence against each of the defendants."

This motion was overruled.

As the allegations are that all of the defendants with a premeditated design to kill or murder Harris, made an assault upon Harris with a deadly weapon which Milton held, and did beat, bruise, wound and ill treat Harris, and that Charlotte Barker and Silas Oats were then and there present unlawfully and from a premeditated design to murder Harris, aiding, abetting, comforting, procuring, hiring, encouraging and commanding the said Milton Barker, the aforesaid intended murder in manner and form aforesaid to do and to commit," the charge is against all three of the defendants as principals and is legally sufficient to sustain a conviction, the conclusion alleged, *viz*, "so the said Charlotte Barker and Silas Oats did then and there commit the crime of assault with intent to commit murder" being surplusage not repugnant to the specific allegations. The indictment as framed could not reasonably have misled the defendants or either of them in presenting their defenses.

The court instructed the jury that Charlotte Barker and Silas Oats are charged "as accessories before the fact, and are really simply charged as principals, or

equivalent to principals, in the first degree." This was not material or harmful if error, since the statute provides that "Whoever aids in the commission of a felony, or is accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon." Sec. 3178, Gen. Stats. 1906, Compiled Laws, 1914.

As the defendants were all charged as principals, the charges given were favorable to the defendants; and no requests were made for charges upon lower degrees of unlawful assault not fully covered by the charges given, even if the evidence would have justified such further charges.

Errors, if any, in the admission of evidence were harmless in view of all the testimony.

A judgment of conviction in a criminal case will not on writ of error or appeal be reversed for technical errors in the admission or rejection of evidence or in charges given or refused, unless it appears from the entire record that such errors injuriously affected substantial rights of the complaining parties.

The verdict accords with the evidence and the law.


Judgment affirmed.


BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.