EDDIE RIGGINS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed November 18, 1919.

1. As an indictment for murder in the first degree, in legal contemplation, includes a charge of the lesser degree of unlawful homicide, it is not necessary or proper that the indictment should expressly charge murder in any degree below

that alleged. The statutory definitions of murder do, not make malice an element of the offense. It is not essential that an indictment for murder shall charge a felonious homicide.

2  At common law indictments for felonies should allege the acts constituting the crime to have been feloniously done, but in consequence of the constitutional and statutory provisions of this State, the failure to allege that the criminal acts charged were feloniously done, does not affect the validity or sufficiency of the indictment when not required by the statute defining the offense.

3.  A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants.

A Writ of Error to the Circuit Court for Lafayette County, M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chavous,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—The indictment herein for murder in the first degree alleges that Eddie Riggins in Lafayette County, Florida, on November 30, 1917, "with force and arms, and with a deadly weapon, to-wit, a shotgun loaded and charged with gunpowder and leaden bullets, and

which shotgun he, the said Eddie Riggins, then and there had and held in his hands, in and upon one Stella Riggins unlawfully and from a premeditated design to effect the death of the said Stella Riggins did make an assault; and the said Eddie Riggins did then and there unlawfully and from a premeditated design to effect the death of the said Stella Riggins shoot off and discharge the leaden bullets aforesaid out of the shotgun aforesaid at and towards the said Stella Riggins, and with said leaden bullets aforesaid so shot off and discharged as aforesaid the said Eddie Riggins unlawfully and from a premeditated design to effect the death of the said Stella Riggins did strike, penetrate and wound one Eva White, in the body of the said Eva White, thereby and thus inflicting in and upon the body of the said Eva White unlawfully and from a premeditated design to effect the death of the said Stella Riggins one mortal wound of and from which said mortal wound the said Eva White did then and there die," etc.

On write of error to a judgment of conviction of murder in the second degree it is urged that the court erred in sustaining the indictment on a motion in arrest of judgment.

As an indictment for murder in the first degree, in legal contemplation, includes a charge of the lesser degree of unlawful homicide, it is not necessary or proper that the indictment should expressly charge murder in any degree below that alleged. The statutory definitions of murder do not make malice an element of the offense. It is not essential that an indictment for murder shall charge a felonious homicide.

At common law indictments for felonies should allege the acts constituting the crime to have been feloniously

done, but in consequence of the constitutional and statutory provisions of this State, the failure to allege that the criminal acts charged were feloniously done, does not affect the validity or sufficiency of the indictment when not required by the statute defining the offense. McCaskill v. State, 55 Fla. 117, 45 South. Rep. 843; Sec. 3963 Gen. Stats. 1906, Compiled Laws, 1914; Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220.

The main contention on the evidence is that the homicide was an accident, but there is ample evidence to support a finding of murder in the second degree, and errors, if any, in rulings on testimony or in the charges were manifestly harmless.

A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants. Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Kersey v. State, 73 Fla. 832, 74 South. Rep. 983.

No material errors of law or of procedure appearing, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.