PRATT POYNER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 14, 1921.

Petition for Rehearing Denied June 17, 1921.

1. An order overruling a motion to quash a count of an indictment containing more than one count is not harmful, although such count may be defective, where, after a general verdict of guilty as charged, judgment was arrested as to such count and sentence may be legally imposed upon a good count contained in the indictment.

2. A judgment of conviction will not be reversed even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused where the evidence of guilt is ample and no fundamental rights of the defendant are infringed.

3.  The indictment returned against plaintiff in error contained three counts, the first and third of which charged robbery and the second charged larceny. Upon a trial a general verdict of guilty as charged was returned. The court arrested judgment as to the first count, declined to impose sentence under the third count and imposed sentence upon the count charging larceny. *Held*: that the evidence does not prove the charge of larceny, but does make out a case of robbery as charged in the third count and that sentence may be imposed under this count charging robbery.

4.  Where error is confined to the sentence imposed the judgment may be reversed and the cause remanded with directions to enter a proper judgment.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Reversed.

*Thomas E. Walker* and *Amos E. Lewis,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WEST, J.—By an indictment containing three counts plaintiff in error was charged with the crime of robbery and larceny. The first and third counts charge robbery and the second charges larceny. There was a motion to quash the indictment, which motion was overruled. Upon a trial of the case a general verdict of guilty as charged was returned. After verdict motion for a new trial was made and overruled. In overruling this motion the trial judge recited that he did so after arresting the judgment on the first count and declining to impose sentence under

the third count.  At the same time an order was made arresting the judgment upon the first count because this count appeared to the court to be defective, and reciting that plaintiff in error would not be sentenced upon the third count.  Sentence was imposed under the second count whereby plaintiff in error was charged with larceny.  From the judgment imposing sentence writ of error was taken.  There are a great number of assignments of error but no benefit would result from a discussion of them.

Since the judgment was arrested as to the first count there was no harmful error in overruling the motion to quash this count even though it may be defective.  Bueno v. State, 40 Fla. 160, 23 South. Rep. 862; Jordan v. State, 22 Fla. 528; Gribb v. State, 9 Fla. 409.

Numerous rulings on objections to evidence and upon questions of the admissibility of proffered evidence were made during the progress of the trial and a great number of assignments of error are predicated upon such rulings. There was no such error in any of the rulings complained of as to require a reversal of the judgment.  In many cases this court has held in effect that a judgment of conviction will not be reversed even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused where the evidence of guilt is ample and no fundamental rights of the defendant are infringed.  Riggins v. State, 78 Fla. 459, 83 South. Rep. 267; Dixon v. State, 77 Fla. 143, 80 South. Rep. 741; Barker v. State, 76 Fla. 164, 79 South. Rep. 436; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Milligan v. State, 75 Fla. 815, 78 South. Rep. 535; Smith v. State, 74 Fla. 44, 76 South. Rep. 334.

As we have said, the jury returned a general verdict of guilty as charged, whereupon sentence was imposed under the second count of the indictment, the court having previously stated that plaintiff in error would not be sentenced upon the third count. From an examination of the evidence we have reached the conclusion that it does not make out a case of larceny and there was error in imposing sentence under the second count of the indictment; but the evidence is ample to support the charge of robbery contained in the third count of the indictment. The language in the third count reciting that plaintiff in error at the time of the alleged robbery exhibited a deadly weapon, to-wit, a shot gun, in an angry and threateing manner at and toward the person alleged to have been robbed may be rejected as surplusage. Eliminating this unnecessary language this count charges the offense of robbery as defined by Section 5056, Revised General Statutes of Florida, 1920. The verdict of the jury finds plaintiff in error guilty under this count and sentence may be imposed upon him for the crime of robbery. In Roberts et al. v. State, 30 Fla. 82, 11 South. Rep. 536, the court said: "Where error is confined to the sentence solely, we fail to see any satisfactory reason for granting a new trial or why it should affect any prior step in the cause, but are satisfied that such error should not be given a retroactive effect." Bishop's New Crim. Proc. Vol. II, Sec. 1373; Palatka & Indian River R. R. Co. v. State, 23 Fla. 546, 3 South. Rep. 158; Keech v. State, 15 Fla. 591. In a number of cases this court has held that where an improper sentence was imposed the judgment would be reversed and the cause remanded for proper sentence. Smith v. State, 74 Fla. 44, 76 South. Rep. 334; Smith v. State, 71 Fla. 639, 71 South. Rep. 915; Taylor v. State, 67 Fla. 127, 64 South. Rep. 454; Douglass

v. State, 53 Fla. 27, 43 South. Rep. 424; Thompson v. State, 52 Fla. 113, 41 South. Rep. 899.

The judgment will be reversed and the cause remanded with directions to adjudge plaintiff in error guilty under the third count of the indictment and to impose proper sentence thereunder.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.