Neil Brabham, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed July 13, 1923.

1. It is not error to refuse to give requested charges which have been substantially given by the trial Court or which are not based upon the case made by the evidence.

2. Where, upon a trial on a charge of murder in the second de-
gree, the evidence is ample to sustain a verdict of man-
slaughter, of which there is a conviction, and there is noth-
ing to indicate that the jury were influenced by anything
other than a due consideration of the evidence, although
there may have been technical errors of procedure not rea-
sonably calculated to affect the result, the judgment will be
affirmed.

A Writ of Error to the Criminal Court of Record for
Duval County; James M. Peeler, Judge.

Affirmed.

*Miles W. Lewis* and *Wm. A. Hallowes, Jr.,* for Plaintiff
in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

WEST, J.—Plaintiff in error, Neil Braham, was informed
against in the Criminal Court of Record of Duval County
upon a charge of murder in the second degree. Upon this
information he was tried and found guilty of man-
slaughter. The court adjudged him to be guilty and pro-
nounced sentence committing him to State prison for a
term of seven years. Writ of error was taken from this
court to review his judgment.

While there are a number of assignments of error, two
questions only are presented, each of which may be dis-
posed of by application of well settled general principles.

The refusal to give each of a number of requested in-
structions is assigned as error. Consideration of each of
these instructions separately is not necessary. The charge
of the court fairly presented the case to the jury. Some

of the instructions requested were repetitions, in sub-
stance, of instructions given; Others requested were not
warranted or required by facts in proof. It is not error
to refuse to give requested charges which have been sub-
stantially given by the trial court, nor to refuse to give
requested charges which are not based upon the case made
by the evidence. Milligan v. State, 75 Fla. 815, 78 South.
Rep. 535; Settles v. State, 75 Fla. 296, 78 South. Rep. 287.

Other assignments presented the question of the suffi-
ciency of the evidence to support the verdict. No benefit
would result from a recital of the substance of the evidence.
It is ample to sustain the verdict of manslaughter and
there is nothing to indicate that the jury were influenced
by anything other than a proper consideration of the evi-
dence submited to them.

So far as the record discloses, plaintiff in error was
fairly tried and found guilty by the verdict of a jury com-
posed of citizens of his county who saw and heard all the
witnesses. There is nothing in the record to require or
warrant a reversal of the judgment. It is therefore
affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J.,
concur.

BROWNE, J., dissents.

BROWNE, J.—Dissenting.

Several correct and clearly expressed instructions on the
law of self-defense requested by the defendant, were re-
fused by the trial judge. I think this was harmful error,
because the charge on that subject given by the court was
not clear nor fair. It was embraced in a paragraph con-

taining 236 words with only one period. The instruction began by telling the jury under what circumstances a plea of self-defense would not be available; contained an inuendo hostile to the defendant's plea of self-defense, and concluded by reiterating when a plea of self-defense would not be available. The instruction on self-defense was sandwitched between these adverse instructions.

· The instruction on the law of self-defense contains over 200 words, with the law of self-defense qualified by the use of the words "but," and "unless," and "provided," and is so involved, and the English so muddy as to be incapable of conveying to the minds of average jurors an intelligent conception of the law of self-defense.

Lord Macaulay was noted for his long sentences, but few if any of his, contained 200 words. It takes a Lord Macaulay to construct an intelligible sentence of this length. The one containing the instruction on self-defense in this cause certainly does not belong to that class.

A person on trial is entitled not only to have the law correctly stated, but to have it stated clearly and intelligible. That was not done in this case, and I think the court erred in refusing to give one or more of the instructions requested by the defendant that clearly and correctly stated the law.