C. D. Kelly, Appellant, v. State, Appellee.

199 So. 764
Division A
Opinion Filed January 24, 1941
Rehearing Denied February 4, 1941

*R. G. Tittsworth,* for Appellant;

*George Couper Gibbs*, Attorney General, and *William Fisher, Jr.*, Assistant Attorney General, for Appellee.

BUFORD, J.—The appeal in this case brings for review judgment of conviction of murder in the second degree under indictment charging murder in the first degree.

Appellant presents three questions for our consideration as follows:

"First. Does the evidence sustain the verdict?

"Second. In trial for murder by shooting, which occurred in the yard of plaintiff in error and while plaintiff in error was standing right at his front porch, and deceased was within seven or eight feet of plaintiff in error and the defense was self-defense, is plaintiff in error entitled to have a charge given to the jury duly requested by him upon the law that he is not required to retreat in order to avoid the difficulty but may stand his ground and meet any attack made upon him in such a way and with such force as under all the circumstances he at the moment has reason to believe and does believe is necessary to save his life or to protect himself from great bodily harm?

"Third. When the theory of plaintiff in erro· ∩· h:s defense in a murder prosecution, supported by evidence, is that he was attacked by the deceased under such circumstances that he had the right in defense of himself to shoot the deceased, and that the cause of said attack upon plaintiff in error was the anger of the deceased growing out of the deceased's belief that plaintiff in error had taken a woman, Eva Ellarbee, with whom deceased had previously lived, with him on an over-night trip from Tampa to Lakeland, Florida, is it competent and admissable evidence for the State Attorney on cross examination of said Eva Ellarbee as a defense witness, to require said witness to testify whether she is pregnant and, if so, by whom, same not

being in cross examination of anything brought out on the direct examination?" The record has been examined and the evidence is amply sufficient to support the verdict and judgment.

As to the second question, the record shows that the altercation occurred near the house occupied by the appellant. That house and other houses in the same locality were unenclosed by any fence or other enclosure which would mark the curtilage. In the general charge the court had not charged the jury that it was the duty of the defendant to use every reasonable means consistent with his safety to avoid the difficulty.

The instruction requested and refused, the refusal of which the appellant complains, was as follows: "The court instructed the jury that if, while one is lawfully on his own dwelling house premises—which includes that portion of the lot on which the building is located used by him as a yard either exclusively or in common with any other person or persons—another advances in a threatening manner and under such circumstances that the former believes and has reason to believe that he is in imminent danger of losing his life or suffering great bodily harm, he is not obliged to retreat but may stand his ground and meet any attack made upon him in such a way and with such force as under all the circumstances he at the moment has reason to believe and does believe is necessary to save his life or protect himself from great bodily harm." While this charge might have been properly given, no harmful error is disclosed by the refusal to give the same because the court in its general charge had sufficiently defined the law of self-defense as to make clear to the jury all matters which it was required to determine under the evidence in this case. If the court charged the jury that the accused was under a general duty to retreat and avoid the fight, if consistent with his safety

·then there might be some merit in the contention that the court should have given the charge requested. The error, if any, not shown to be prejudicial, is not ground for reversal. See Hopkins v. State, 52 Fla. 39, 42, Sou. 52, ·in which case it was held: "Alleged errors in giving or ·refusing charges or instructions, and in the admission or rejection of testimony, which do not weaken the effect of the admitted testimony and which do not reach the legality of the trial itself will not be considered grounds for reversal ·where the evidence leaves no room for reasonable doubt of the defendant's guilt." See Leake v. Watkins, 73 Fla. 596, 74 Sou. 652; Barker, *et al.*, v. State, 76 Fla. 164, 79 Sou. 436; Riggins v. State, 78 Fla. 459, 83 Sou. 267; Dixon v. State, 79 Fla. 586, 84 Sou. 541; Section 2812 R. G. S., 4499 C. G. L. Also see Section 309 of Florida Criminal Procedure Act, which is as follows: "Section 309. When judgment not to be reversed or modified. No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant." The same principles which apply to the result of the refusal to give the requested charge also apply to the result of the admission of testimony challenged in the third question.

In this regard it is our conclusion from a consideration of the testimony which was elicited by the alleged improper question propounded to the witness Eva Ellarbee that such testimony was favorable to the defendant and, therefore, could not be held to have prejudiced him.

The entire record discloses no reversible error. Therefore, the judgment is affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.