LILES, Judge.
This marks the second appearance of this case before this court. Subsequent to oral argument on the merits, it was determined that appellant was attempting to appeal an unsigned minute book entry. We therefore dismissed the appeal upon the authority of Egantoff v. Herring, 177 So.2d 260 (D.C.A.Fla.1965); aff’d, State ex rel. Herring v. Allen, 189 So.2d 363 (Fla.1966). See Locke v. Brown, 189 So.2d 833 (D.C.A.Fla.1966).
Thereafter the parties perfected a formal final judgment and brought this appeal from that judgment. Upon motion by appellant all of the appeal papers, record-on-appeal and briefs of the parties filed in Locke v. *46 Brown, supra, were treated as having been filed in the present case.
This was a rear-end collision, and the facts are fairly simple. Both parties were traveling in a westerly direction on the early morning of January 21, 1962, in the City of Tampa, Florida. It was alleged that appel-lee Brown cut in front of appellant Locke and that Locke ran into the rear end of Brown’s car. Brown denied cutting in front of appellant’s car, and the case went to trial which resulted in a jury verdict finding that neither party could recover.
Three points have been assigned for our consideration, the first being the admissibility of evidence showing appellant Locke’s intemperate habits. It developed during the trial that Locke and another witness, one Phelps, had been in each other’s company from about 1:00 a. m. to about 7:00 a. m. Phelps testified that Locke acted about the same at 7:00 a. m. as he had acted at 1:00 a. m. and that to his knowledge Locke had consumed no alcoholic beverages after 1:00 a. m. on the morning of the accident. In another place Phelps testified that he and Locke were in each other’s company from 4:00 a. m. until 7:00 a. m. and that by Locke’s demeanor he did not appear intoxicated.
Another witness, K. E. Morris, who came upon the scene of the collision after it occurred, testified that Locke did not appear to be intoxicated. Yet another witness, James Clark Correll, a Tampa police officer who came to the scene after the collision, testified that Locke’s breath smelled of alcohol and in his opinion he was intoxicated. Officer George L. Hill testified that there was a very strong odor of alcohol about Locke and that he appeared drunk. Brown himself testified that Locke appeared to be intoxicated. The only eye witness to the accident, one Edward R. Watson, did not attend the trial but his deposition was used. He offered no testimony by way of deposition regarding the sobriety of Locke.
Following this testimony, appellee was successful in having evidence admitted bearing on Locke’s previous intemperate habits, showing that appellant was hospitalized for alcoholism on June 26, 1959, June 16, 1961, September 8, 1961, October 3, 1961, November 25, 1961, December 26, 1961, on several occasions in 1962 and was treated for alcoholism following the accident. In fact, Locke himself admitted he would drink a fifth of whiskey a day before these hospitalizations.
In his brief, appellant Locke has made an eloquent argument against the admission of the above evidence. His primary theory seems to be that such evidence was inadmissible under the so-called “eyewitness rule” which purportedly excludes evidence of habit where there are eyewitnesses to a person’s actions. It appears, however, that this rule applies only in death cases and excludes evidence of a deceased’s habits to show either care or negligence on his part. See 25A C.J.S. Death § 84; 20 Am.Jur., Evidence § 332. The able trial judge adjourned court after proffer of the questioned evidence had been made so that the question of its admissibility might be fully briefed and argued. Following argument, the trial judge admitted the evidence not as direct evidence but for whatever corroborative effect it might have on the issue of Locke’s intoxication at the time of the accident. There appear to be no reported Florida decisions on this point, and while there is some division of the authorities in other jurisdictions, we adopt the rule set out in 8 Am.Jur.2d, Automobiles & Highway Traffic § 941. This states in part that:
“It is generally held that in an action to recover for injuries sustained in a motor vehicle accident, evidence of the plaintiff’s antecedent intemperate habits is not admissible, in the absence of additional proof, by way of connecting facts or circumstances, that such habits have a relevant bearing upon the plaintiff’s physical condition at the time of the accident. *47 However, where a material issue of fact has been raised as to the matter of the plaintiff’s intoxication at the time of the accident, it has been held or recognized, in a few cases, that evidence of the plaintiff’s antecedent intemperate habits is admissible.”
Where some witnesses testify in a personal injury action that the plaintiff was sober at the time of the accident, while others testify that he was intoxicated, the defendant will be entitled to introduce evidence showing that the plaintiff was habitually intoxicated or a drunkard. This evidence of prior intemperate habits is not direct evidence on the issue of whether the plaintiff was intoxicated at the time of the accident, but is evidence tending to substantiate, by way of corroboration, defendant’s other proof bearing upon plaintiff’s intoxication. McCarty v. Gappelberg, 273 S.W.2d 943 (Tex.Civ.App.1954). See also Hardeman v. Georgia Power Co., 42 Ga.App. 435, 156 S.E. 642 (1931).
Had the fact question of whether Locke was intoxicated at the time of the accident not been raised, evidence of Locke’s past intemperance clearly would not have been admissible. This was recognized by the trial judge when he made his ruling on the admission of that evidence, stating:
“* * * [I]t seemed to be the clear majority rule that where there is no dispute as to the plaintiff’s condition of sobriety or insobriety at the time of the accident that evidence of previous habits is clearly not admissible.
"In fact, only two cases have been cited to the Court wherein exception is recognized where there is' direct evidence upon the issue of intoxication at the time of the injury that the evidence of habitual intoxication is admissible. These being referred to on page 105 of the note in 46 ALR2d. One is a Texas case and one is a Georgia case.
“However, I’d like to have the record show that the Court specifically has asked if any cases have been found from other jurisdictions where this issue has been specifically raised, that is where there is —that where there is a direct conflict or direct evidence on the issue of the parties being intoxicated that the Courts have held that such evidence is not admissible. And no cases have been cited to the Court. “Also, Counsel agree that there are no Florida cases directly in point. And on the authority of the cases cited I am going to overrule the defendant’s objection as to the proffer made with respect to Mr. ICadyk.”
We feel that the trial judge properly admitted the challenged evidence under the circumstances discussed above. The Reporters and commentaries are replete with authority for admitting corroborating evidence in support of direct evidence, and our decision here neither adds to nor detracts from that well-founded principle of law.
Appellant argues next that he was prohibited from showing that he had mentioned insurance coverage to Brown immediately after the accident. The record reveals that discussion of the matter took place outside the presence of the jury. It is not necessary for us to determine whether appellant was correctly “prohibited” from raising the issue because the record shows that the trial court made no ruling. The discussion on the matter ended with the court telling appellant’s counsel to ask his questions and the court would rule on any motions made in response to those questions. When the jury returned, appellant’s counsel asked no further questions. Since the trial court made no ruling, there is nothing for this court to determine.
Appellant’s final point contends that the jury verdict that neither party could recover from the other is inconsistent with the evidence. It would serve no useful purpose to detail that evidence here. Suffice it to say, the issues of negligence and contributory negligence were pleaded and prop *48 erly presented to the jury, and there was ample evidence to support the jury verdict.
Having found no error, the judgment of the trial court is affirmed.
ALLEN, C. J., and SHANNON, J., concur.