WALDEN, Chief Judge.
Edward Arthur Wadsworth was tried by jury and convicted of manslaughter by an intoxicated motorist under F.S.A. § 860.01. He appeals. We reverse.
*837 Wadsworth operated a motor vehicle which collided with another resulting- in death to one of the occupants. There was abundant and convincing testimony by several witnesses that Wadsworth was intoxicated at the time. There was also testimony that an empty miniature vodka bottle was found in the Wadsworth vehicle following the collision.
The defendant did not testify or offer any witnesses, evidence, or defense to the state’s case.
We come now to the critical testimony, the receipt of which before the jury constituted prejudicial error. Louis Laken testified that he was a sales clerk in a retail liquor store. He stated that Wads-worth came in the liquor store two or three times a week for a period of over two years prior to the fatal collision and purchased miniature bottles of vodka. Laken further testified that Wadsworth, while making these purchases, stated that he (Wads-worth) “had a problem.” Defendant’s counsel made timely and appropriate objection and also moved for a mistrial but to no avail.
The unmistakable meaning and inference to be gained from Laken’s testimony was that Wadsworth was a habitual and long time user of alcoholic beverages — that Wadsworth was an alcoholic — a drunkard. In sum, whatever else this might have been, it constituted a highly prejudicial assault upon the defendant’s character.
It is a cardinal principle of criminal law[1] that the state cannot introduce evidence attacking the character of the accused unless the accused first puts his good character in issue. The good sense and justice of this approach is manifest. It was recognized and judicially adopted in Florida as early as 1886 in the case of Mann v. State, 1886, 22 Fla. 600. See also 13 Fla.Jur., Evidence, § 152, et seq.
At the same time, exceptions to the rule have developed which operate to permit the state to introduce evidence of bad character even though the accused had not first put his good character in evidence. Emerging from the comprehensive review of the Supreme Court of Florida found in Williams v. State, Fla.1959, 110 So.2d 654, 663, is the pronouncement, “that evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion.” Under the auspices of this exception, evidence of similar facts and similar acts on the part of the accused which even point to the commission of a separate crime and which constitute an assault upon the character of the accused may be admitted in evidence if such evidence is relevant to a material fact in issue. As consistently cautioned in Williams v. State, supra, the test of such admissibility is relevancy, relévancy with reference to a material fact in issue. It should not be admitted if the only relevancy has to do with bad character or propensity.
Since Williams v. State, supra, Florida’s courts have considered the question from time to time. Similar fact evidence was considered admissible in Griffin v. State, Fla.App.1960, 124 So.2d 38; Ross v. State, Fla.App.1959, 112 So.2d 69, while such evidence was barred in Jordan v. State, Fla. App.1965, 171 So.2d 418; Norris v. State, Fla.App.1963, 158 So.2d 803; Hooper v. State, Fla.App.1959, 115 So.2d 769; Harris v. State, Fla.App.1966, 183 So.2d 291. *838 Some, too, have found the question worthy of particular discussion. See Andrews v. State, Fla.App.1965, 172 So.2d 505, and Green v. State, Fla.App.1966, 190 So.2d 42. However, the principles are stabilized and followed, and admissibility continues to turn upon relevancy vel non with reference to a material disputed issue.
The subject of relevancy in the law of evidence is considered an elementary concept — yet its application to a given fact in a given case is often difficult to determine as any trial judge can attest. Relevancy is not a precise concept, and its use as a test for admissibility must often rest upon the court’s informed notions of logic, common sense and simple fairness. See 9 F.L.P., Evidence, § 45; 15 Fla.Jur., Evidence, § 112, et seq.
Looking at the present case, it is our view that the evidence that the accused purchased vodka regularly during past years and that he “had a problem” without further enlightenment was not relevant to any issues before the court, particularly since the defendant failed to offer any defense. Its sole thrust was aimed at defendant’s character and propensity. See Harris v. State, supra.
Even if this evidence be considered to have some slight relevancy, its receipt was so highly prejudicial to the accused, when weighed against the circumstance that such evidence was merely cumulative with only the remotest evidentiary value, that we say that the evidence should have been excluded and that its inclusion was harmful error. As was observed by the Supreme Court of Florida in Seaboard Air Line Railroad Company v. Ford, Fla.1956, 92 So.2d 160, 166:
“ * * * ‘The rule in regard to the relevancy of evidence is fundamental, and is well defined. It excludes, says Prof. Greenleaf, “all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice, and mislead them; * * * ” ’ Wise v. Ackerman, 76 Md. 575, 25 A. 424, 426. ‘Evidence may be relevant, and yet its relevancy may be so slight and inconsequential that to receive it would be to distract that attention which should be concentrated on vital points, and to confuse rather than to illuminate the case.’ Jones’ Commentary on Evidence (2d Ed.) Sec. 588.
“We have considerable doubt that the evidence in question could be considered relevant, within the above rule; cf. Plough v. Baltimore § O. R. Co., 2 Cir., 1947, 164 F.2d 254; New York Life Ins. Co. v. Seighman, 6 Cir., 1944, 140 F.2d 950. But even if it was remotely relevant, it was still merely cumulative, as there was other evidence amply sufficient to prove the defendant’s knowledge of the dangerous propensities of Nalco. The tendency of the evidence in question to prejudice the jury against the defendant far outweighs any remote evidentiary value; and, since it was merely cumulative, we think the trial judge abused his discretion in admitting it into evidence. * * *»
The judgment appealed is reversed.
Reversed.
ANDREWS, J., concurs.
WILLSON, J. H., Associate Judge, dissents, with opinion.

. The state has called to our attention a recent civil case, Locke v. Brown, Fla. App.1967, 194 So.2d 45. There it was held that, where evidence conflicts as to the sobriety of the plaintiff in a personal injury action, the defendant will be entitled to introduce evidence showing that the plaintiff was habitually intoxicated.
We do not feel the present case is controlled by the holding in Locke, supra, which was clearly limited to civil actions where the policy considerations are quite distinguishable. Additionally, the evidence of habitual intoxication in Locke, supra, met the test of relevancy; here, as is pointed out, it does not.