PER CURIAM.
Appellant, City of Miami, contends that the trial court erred in granting the appel-lee/plaintiff’s motion in limine and/or motion to exclude testimony as to appellee’s addiction to drugs at the trial of the personal injury action filed against the City of Miami.
Carl Calandro sustained bodily injuries after he hit a pothole in the street at N.W. 3rd Avenue and 14th Street while driving his motorcycle, and he filed suit against the city for damages. Through discovery procedures, it was learned that Carl Calandro had had a long-standing drug problem and was being treated as an out-patient at the Jackson Memorial Hospital Methadone Clinic at the time of the subject accident. In fact, the accident occurred shortly after ap-pellee had been denied his daily methadone dosage at the clinic; he had forgotten his methadone identification card and was en route to his home to get the card, planning to return to the clinic with it.
After prolonged argument of counsel on the motion, the trial court ruled that evi *272 dence pertaining to Calandro’s involvement with the methadone program was inadmissible at trial. The jury returned a verdict in favor of Calandro and his wife, who had a derivative claim. The appellant urges that the court’s ruling prevented the city from properly and effectively defending its case in that the jury should have been permitted to determine whether Calandro’s drug addiction and his act of having mixed cocaine and methadone a few days before the accident were contributory causes of the accident. Appellee, on the other hand, has maintained throughout the proceedings that evidence as to his drug problem and/or his having taken a mixture of drugs a few days prior to the accident has no relevance when considering whether he “was under the influence on the morning of the accident”; there was evidence presented for the sake of argument on the subject motion that the methadone clinic’s report of the same date showed no trace of drugs in appellee’s body. Appellee further makes the analogy that if Calandro was an alcoholic and had not had a drink for days and then had a traffic accident, his alcoholism would have no relevance on the issue of the due care used when operating the motorcycle. We cannot agree with appellee’s position in this matter.
It stands to reason that a major consideration in ruling on exclusion of evidence necessarily entails .the question of whether the evidence tends to obscure or illuminate the true issue before the jury. The holding in Perper v. Edell, 31 Fla. 477, 44 So.2d 78 (1949), aptly states at p. 80:
“[I]f the introduction of the evidence tends in actual operation to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence — if it tends to obscure rather than illuminate the true issue before the jury — then such evidence should be excluded.”
It has generally been concluded by medical writers that when the addict is under the influence of methadone, he is mentally at his best, and that he is at his worst when in need of the drug and beginning to experience withdrawal. See, 35 N.Y.U.L.Rev. 259 (1960). It should be noted that it is also generally accepted that for impeachment purposes evidence may be presented to show that a witness’ faculties were impaired by the use of drugs. See generally, 65 A.L.R.3d 705; Tibbs v. State, 337 So.2d 788 (Fla.1976); Morrell v. State, 335 So.2d 836 (Fla. 1st DCA 1976).
Therefore, we conclude that under the facts and circumstances of this cause the jury should have been permitted to assess the possibility that the appellee’s driving ability may have been impaired at the time of the accident due to his drug addiction.
Reversed and remanded with instructions to proceed with a new trial in the matter.