475 So.2d 1023 (1985)
Philip R. CLAUSELL and Rita Clausell, Appellants,
v.
James G. BUCKNEY, Jr. and Government Employees Insurance Company, Appellees.
No. AZ-265.
District Court of Appeal of Florida, First District.
September 27, 1985.
*1024 Stephen H. Echsner of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellants.
Miles Davis of Beggs & Lane, Pensacola, for appellees.
ERVIN, Judge.
Appellants, plaintiffs in a personal injury action, appeal from a final judgment, entered pursuant to a jury verdict, absolving appellees of any liability. Appellants raise two points as a cause for reversal. We affirm as to the first, but reverse the latter, and remand the case for new trial.
Appellants first contend that the trial court erred in denying their motion in limine to exclude from the jury's consideration any evidence relating to plaintiff Philip Clausell's use of marijuana. Three months following an accident involving a motorcycle driven by appellant Philip Clausell and an automobile driven by appellee Buckney, Philip, during an examination at a chiropractor's office, was asked in a questionnaire if he had consumed any drugs and he responded that he "smoked pot", and did so "everyday". Before trial, appellants sought to prevent appellees from introducing any evidence relating to Philip's use of marijuana at any time before or after the accident on the ground that such evidence would not be relevant or material to any of the issues involved in the case.
In seeking reversal of the court's order admitting such evidence, appellants, relying upon Locke v. Brown, 194 So.2d 45 (Fla. 2d DCA 1967), State v. Wadsworth, 210 So.2d 4 (Fla. 1968), and City of Miami v. Calandro, 376 So.2d 271 (Fla. 3d DCA 1979), contend that evidence relating to Philip's habitual intemperate habits is not admissible, in the absence of additional proof that such habits had any relevancy upon the plaintiff's condition at the time of the accident. Appellees apparently concede the point, but reply that the basis for the evidence's admission did not go to the question of whether appellant Philip Clausell's abilities were impaired at the time of the accident, but rather related to the extent of his injuries. Appellees refer to the *1025 chiropractor's testimony, opining that Philip's illegal use of marijuana may have caused stress which in turn contributed to appellant's neck pain.
Damages, of course, may be recovered against the wrongdoer for all the natural, direct and proximate consequences suffered by the plaintiff, or for all the probable consequences of the wrongdoer's wrongful acts or omissions. Benedict Pineapple Co. v. Atlantic Coast Line Railroad Co., 55 Fla. 514, 46 So. 732 (1908); Taylor Imported Motors, Inc. v. Smiley, 143 So.2d 66 (Fla. 2d DCA 1962). As applied to the facts in the case, plaintiff has the right to recover compensation for any physical pain and suffering resulting to him from the wrongful acts of the defendant. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Scott v. Andrews, 140 So.2d 128 (Fla. 3d DCA 1962). Obviously, neck pain, unrelated to the wrongful act of the defendant, would be relevant in assessing the extent of plaintiff's damages. It would also be relevant if it were established that Philip's neck pain was a preexisting condition that was aggravated by the motor vehicle accident, in which event the plaintiff would be entitled to recover full compensation for all damages proximately resulting from the defendant's act. Wise v. Carter, 119 So.2d 40 (Fla. 1st DCA 1960). Under such limited circumstances, evidence relating to Philip Clausell's daily usage of marijuana would be relevant.
We agree, however, with appellants that such evidence has nothing to do with the assessment of a permanent impairment rating for the injuries that Philip Clausell suffered. The chiropractor testified that his determination of permanent impairment would not have been any different had Philip Clausell answered the question regarding his daily use of marijuana in the negative. Nor was there any evidence that such use would have any effect on appellant's life expectancy. Certainly such evidence would be irrelevant to the objective clinical findings disclosing that Philip Clausell had suffered severe neck vertebrae misalignment and subluxation, as well as a permanent injury to the acromioclavicular (AC) joint.
Regarding point number two, we agree that the trial court erred in instructing the jury that appellant Philip Clausell, in operating a motorcycle at the time of the accident, was subject to the threshold requirement of Florida's No-Fault Law. See Scherzer v. Beron, 455 So.2d 441, 442 (Fla. 5th DCA), cause dismissed, 459 So.2d 1039 (Fla. 1984), holding that "a motorcyclist need not satisfy the threshold to maintain a suit for the damages enumerated in subsection (2) of Section 627.737."
Affirmed in part, reversed in part and remanded for new trial.
SHIVERS and JOANOS, JJ., concur.