WILLIAM O. CHESSER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 3, 1923.

1. Technical error committed by a trial court in the reception or rejection of evidence does not necessarily constitute harmful error. It is injury resulting from error that warrants an appellate court 'in reversing a judgment of the trial court.

2. Where the accused becomes a witness in his own behalf and from his own statement a verdict against him is justified, a judgment of conviction will not be reversed even if technical errors were committed in rulings on the admissibility of evidence.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Affirmed.

*E. Noble Calhoun,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, for the State.

WEST, J.—Upon an indictment charging murder in the first degree plaintiff in error was tried and convicted of murder in the second degree. To review the judgment imposing the sentence writ of error was taken from this court.

Assignments of error question the propriety of rulings of the court below made during the progress of the trial excluding or admitting evidence, but the view we take of the case renders it unnecessary to discuss these assignments. The evidence excluded, accepting the theory of the defense, went only to the question of the credibility of certain State witnesses, while the evidence admitted over objections of defendant went to the question of the reputation of the deceased. Even if technically erroneous, it is clear, considering the entire case, that there is harmful error in none of these rulings, and the rule is well established in this jurisdiction that it is injury resulting from error, not error alone, that warrants an appellate court in reversing a judgment of conviction upon an indictment for crime. Sec. 2812, Rev. Gen. Stat.

The ruling denying the motion of defendant for new trial is assigned as error. This motion presents the question of the sufficiency of evidence to support the verdict. Defendant testified as a witness in his own behalf. From his own statement of the facts surrounding the homicide

the jury was justified in finding him guilty of murder in the second degree. In this situation he is in no position to find fault with rulings even though technically erroneous, excluding or admitting evidence of the character involved here. The principal is well established that a judgment of conviction will not be reversed, even if technical errors were committed in rulings on the admissibility of evidence, where the evidence of guilt is ample and no fundamental rights of the defendant are infringed. (Ward v. State, *supra*); Ward v. State, 82 Fla. 383, 90 South. Rep. 157; Poyner v. State, 81 Fla. 726, 88 South Rep. 762; McQuagge v. State, 80 Fla. 768, 87 South. Rep. 60; Dixon v. State, 79 Fla. 587, 84 South. Rep. 541; Higgins v. State, 78 Fla. 459, 83 South. Rep. 267.

The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.