C. I. Butler, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

Division A.

Opinion Filed July 11, 1927.

*J. B. Hodges* and *Guy Gillen* of Lake City, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant, for the State.

STRUM, J.—Upon an indictment charging murder in the first degree, plaintiff in error, who will hereafter be referred to as the defendant, was convicted of manslaughter and has taken writ of error to the judgment.

At the trial the defendant relied upon self-defense.

Amongst other things, the court charged the jury as follows: "Before one not reasonably free from blame in the inception of the difficutly can justify a homicide under the plea of self-defense he must have honestly and *bona fide* declined the combat." This language was used in connection with the court's charge upon the rule of apparent or real necessity as an element of the doctrine of self-defense. The defendant contends that the words "not reasonably free from blame in the inception of the difficulty" were confusing when given in connection with the remainder of the charge. The defendant concedes that

"without the words objected to the charge would have been sound."

We have examined the charge in the light of this contention and in connection with all other charges given, as well as in connection with the evidence · adduced at the trial. So considered, we find no reversible error. That portion of the charge above quoted, when considered, as it must be, in connection with the charge as a whole, and in connection with the evidence adduced at the trial, states a correct proposition of law as far as it goes. Kennard v. State, 42 Fla. 581, 28 South. Rep. 858. Other phases of the law of self-defense were adequately covered by the trial Judge in his charge. Viewing the evidence and issues as well as the entire charge of the court as a whole, it does not appear to us that either the language of the charge above objected to, or its sequence in the entire charge of the court, would tend to confuse, mislead or prejudice a jury of average intelligence in the trial of this cause. The assignment based on that charge must therefore fail. Graham v. State, 72 Fla. 510, 73 South. Rep. 594.

Other assignments are based upon the action of the trial court in overruling defendant's objections to certain interrogatories propounded by the State on cross examination of one of defendant's witnesses, the purpose of which, it is contended by the defendant, was to indicate to the jury that this particular witness was of unchaste character and thereby to discredit her. To support his contention that such rulings constituted harmful error, defendant relies upon the case of Sealy v. State, 105 South. Rep. 137. We fully approve the doctrine announced in that case that unchastity does not raise a presumption of untruthfulness, nor disqualify a person from becoming a witness, nor discredit him so as to make his testimony unworthy of belief. In Baker v. State, 51

Fla. 1, 40 South. Rep. 673, this Court also held that want of chastity on the part of a witness can not be inquired into in any case for the *sole purpose* of affecting his or her credibility as a witness. (Italics supplied. See also 28 R. C. L. 610 (200).

In connection with the rule laid down in the two cases just cited, it is not inappropriate to observe that the practice of injecting improper matter into a case by indirection or innuendo or by propounding improper questions which insinuate the existence of facts which are degrading or humiliating to the witness should never be indulged in, and when it is attempted it is the duty of the trial court to promptly halt it. See Tulley v. State, 69 Fla. 662, 68 South. Rep. 934. Of course, if the evidence attempted to be adduced is properly admissible for any purpose, there is no impropriety in offering or admitting it, notwithstanding the fact that it also tends to humiliate or degrade the witness.

The situation here presented, however, is not altogether as it was in Sealy v. State and Baker v. State, *supra*. The questions propounded to the witness Miss Kickliter, and to which objections were interposed and overruled, indicate that it was not necessarily the purpose of the State to show unchastity on the part of such witness generally as a means of affecting her general credibility as a witness, which would have been improper, but it may have been the State's purpose to disclose bias, prejudice or interest on the part of said witness in favor of the defendant by showing that the defendant was the father of the witness' young child. Whether or not such testimony was properly admissible for the purpose and under the circumstances just stated is at least a debatable question which it is unnecessary for us to now decide. See 28 R. C. L. 615 (204). The

two questions propounded by the State on cross-examination of that witness as to whether or not she had a baby and whether or not she was married or single, which if taken alone, might tend to violate the rule in Sealy v. State and Baker v. State, *supra*, were not objected to by the defendant.

Even if the action of trial court in admitting the testimony objected to could possibly be regarded as technical or formal error,—which we do not decide,—we are by no means convinced upon the testimony adduced in this case as a whole that the admission of such testimony was harmful or prejudicial to the defendant, or affected the result, or that it "resulted in a miscarriage of justice."

The latter observations also apply to the assignment based upon the testimony of another witness, Mrs. Bobbitt.

Technical error committed by a trial court in the reception or rejection of evidence does not necessarily constitute harmful error. It is injury resulting from error that warrants an appellate court in reversing a judgment of the trial court. A judgment of conviction will not ordinarily be reversed, even if technical errors were committed in rulings on the admissibility of evidence, where the evidence of guilt is ample and no fundamental rights of the accused have been infringed. Chasser v. State, 85 Fla. 151, 95 South. Rep. 610; Linsley v. State, 101 South. Rep. 273. We fully appreciate the extreme delicacy of duty involved in a pronouncement by an appellate court that testimony the admission of which might be technical error was nevertheless not harmful or prejudicial to the substantial rights of the defendant. In view, however, of the abundancy of evidence to support the vedict and judgment, we feel that our conclusion in this case that the error, if any, in admitting the questioned testimony was at most only technical and did not affect the result is not an in-

judicious application of the doctrine of harmless error under the statute. See Sec. 2812, Rev. Gen. Stats. 1920.

During the trial, and at an afternoon session of the court, an *ante mortem* statement of the deceased was admitted in evidence as a dying declaration, the testimony thereof being given by John F. Baker, a witness for the State.

The record shows that the following action was taken by the court of its own motion the next morning with reference to the testimony just mentioned

"IN THE PRESENCE OF THE JURY: The Court announced that he had gone over authorities in the matter of dying declarations, and that he had decided that all the testimony of Chief John Baker, relative to the dying declaration made to him by the deceased, Harvey Bond, and heretofore admitted, is now stricken from the jury, and the jury is instructed not to consider any of the evidence of this witness which has been stricken out."

Later in the same day when the arguments to the jury were in progress, counsel who had been employed to assist the State undertook to argue the stricken testimony to the jury as follows: "That John F. Baker had testified that Harvey Bond, deceased, had said 'that he did not cut the defendant until after he, the said Bond, was shot.'" Counsel for the defendant objected to said argument, whereupon the Court "directed the said attorney to stay within the record, as the dying declaration had been stricken from the consideration of the jury."

When charging the jury at the conclusion of the argument, the court, amongst other things, charged as follows:

"The Court further charges you, Gentlemen of the Jury, that in the consideration of your verdict you shall not in any wise, manner or form consider the testimony relating to an alleged dying declaration made by the deceased, and which declaration was admitted in evidence, but afterward

before the close of the evidence stricken therefrom by the Court, and therefore you are not to consider any testimony of any kind which was stricken by the Court, for such testimony after being so stricken is not a part of the case, and is not to be considered by you in any way in arriving at your verdict.''

The situation just outlined was embraced in the motion for a new trial, which was overruled by the Court, and such action is assigned as error.

This Court is never disposed to condone the conduct of counsel in departing from the legitimate scope of argument to the jury based upon the evidence, nor in using improper and harmful language in such argument. See Akin v. State, 86 Fla. 564, 98 South. Rep. 609. Neither is this Court inclined to minimize the effect upon the jury of such improper conduct. When such a transgression on the part of counsel has unfortunately occured, and it becomes necessary for an appellate court to determine whether or not harmful error has resulted notwithstanding the action taken by the trial court upon the incident, a delicate and perplexing problem is presented. The defendant contends that although the trial judge instructed the jury not to consider the evidence that was stricken, he omitted to instruct the jury not to consider the improper remarks of counsel based thereon, and that therefore the jury probably understood that they could consider those remarks. The defendant also contends that the remarks of counsel were particularly harmful in view of the fact that the dying declaration remained with the jury over night before it was stricken. With this contention in mind we have scrupulously examined the record. We realize that it is sometimes if not always a difficult task for a juror to completely and effectively banish from his mind testimony which he has once been allowed to hear under the belief that it was properly received. In contemplation of law,

however, it is not considered impossible, or even impracticable, under certain circumstances to obviate the harmful effect thereof. See Bassett v. State, 44 Fla. 12, 33 South. Rep. 262; Wilson v. State, 47 Fla. 118, 36 South. Rep. 580. In so far as the original admission and subsequent rejection of the purported dying declaration is concerned, the court's charge was adequate, under the circumstances of this cause, to prevent harmful error. Were the evidence of guilt in this case less convincing than we find it in the record, we might be lead to a different conclusion upon the assignment pertaining to the improper argument of State's counsel. It appears, however, that the jury was twice admonished by the court not to consider any evidence concerning the purported dying declaration of deceased. The first admonition was given at the time the evidence was stricken, and such evidence was particularly identified by specific reference to the witness who gave it. The second admonition was given at the conclusion of the trial, and after the arguments of counsel were concluded. That admonition was also clear and explicit. Besides this, the remarks of counsel for the State were promptly checked, and in the presence of the jury he was then cautioned to stay within the record as the evidence upon which his remarks were based ''had been stricken from the consideration of the jury.'' Under these circumstances, and in view of the ample sufficiency of other and properly admitted evidence of guilt, as well as the completeness of the general charge, including the charge upon the duty of the jury to ''try the case fairly and impartially upon the evidence,'' we feel that the conclusion that the jury was prejudiced in its consideration of the verdict by the objectionable remark of State's counsel, which was promptly checked, would be unwarranted. Carr v. State, 84 Fla. 162, 92 South. Rep. 879; Landrum v. State, 79 Fla. 189, 84 South. Rep. 535; Linsley v. State, *supra*. Certainly there

appears no clear abuse of discretion by the trial court in the method of controlling the argument of counsel. Young v. State, 70 Fla. 211.

The verdict of the jury was based upon ample evidence properly elicited. The trial judge has considered and approved the verdict by denying a motion for new trial. Under all the circumstances of this case, it does not clearly appear that prejudicial or harmful error resulted from any of the matters assigned.

The judgment is therefore affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.