338 So.2d 30 (1976)
George CRIDLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1418.
District Court of Appeal of Florida, Third District.
July 27, 1976.
Rehearing Denied September 15, 1976.
Phillip A. Hubbart, Public Defender, and Julian Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
George Byron Cridland was arrested while removing six television sets from a Miami hotel. He was charged by information with breaking and entering and grand larceny, found guilty, convicted and sentenced *31 to consecutive ten-year and two-year terms in the state penitentiary.
During the presentation of the State's case, the arresting officer was asked whether the defendant made any statements. The defendant's objection was overruled and the officer gave his answer, "No, sir." The defendant contends that this violated his fifth amendment privilege against self-incrimination, and his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Review of the record fails to demonstrate whether the prosecutor was making reference to statements prior to or at the time of arrest. The record reflects no evidence of custodial interrogation by the police officers which would elicit a response from the defendant.
Bennett v. State, Fla. 1975, 316 So.2d 41, holds that any comment upon the defendant standing mute in the face of an accusation is fundamental error requiring a new trial. This principle of law does not apply here as the arresting officer was not asked whether Cridland made a statement in the face of accusation or during custodial interrogation. In our opinion, the inquiry concerning the defendant's failure to make any statements was not adduced to penalize the defendant for remaining silent. Rather, the purpose was to permit the jury to consider the deeply-rooted common law inference that guilty knowledge may be drawn from the fact of unexplained possession of recently stolen goods. See Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380; State v. Young, Fla. 1968, 217 So.2d 567; Lebowitz v. State, Fla.App. 1975, 313 So.2d 473, 477. Compare United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99; Jones v. State, Fla.App. 1967, 200 So.2d 574.
The remaining points raised on appeal are without merit and will not be discussed.
Affirmed.