OTT, Judge.
Appellant brought his appeal to this court from his conviction for robbery with a firearm. This court affirmed by its Per Curiam Affirmed decision, Whiteside v. State, 366 So.2d 1232 (2d DCA 1977). Appellant then filed his Petition for Writ of Certiorari with the Supreme Court. The Supreme Court treated the appellant’s Petition for Writ of Certiorari as a Petition for Writ of Habeas Corpus and remanded the ease to this court to revisit our previous Per Curiam Affirmed decision in the light of Clark v. State, 363 So.2d 331 (1978). We affirm and adhere to our previous decision for the reasons hereafter stated.
Following his arrest the appellant was advised of his constitutional rights (commonly referred to as Miranda warnings) including his right to remain silent. Thereafter, the appellant made certain voluntary statements to the arresting officers either in answer to their questions or gratuitously. After the arresting officers testified as to these voluntary statements of the appellant the state attorney asked the following questions and the officers gave the following answers:
FIRST OFFICER:
Q. . did he make any statements about where it (the money found pursuant to appellant’s prior statement) was from or anything?
A. No, sir.
SECOND OFFICER:
Q. Did the defendant make any other statements in your presence?
*1233 A. No, sir.
Counsel for the appellant thereupon moved for a mistrial and asserted the above questions and answers constituted an impermissible comment on the appellant’s constitutional right to remain silent.
If the above questions and answers amount to “comment” then appellant has clearly preserved his right to assert error, on appeal, to the denial of his request for mistrial pursuant to the Supreme Court holding in Clark v. State, supra.
This court previously concluded and now holds that the above questions and answers do not constitute “comment” on the constitutional right to remain silent. The state attorney had every right to elicit all of the voluntary statements made by the appellant. The above questions are no more than the equivalent of asking what else the appellant may have said. We have not been cited to nor are we aware of any case holding this to be impermissible comment on the constitutional right to remain silent.
The Petition for Writ of Habeas Corpus is denied and our previous Per Curiam Affirmed decision is adhered to.
RYDER and DANAHY, JJ., concur.