380 So.2d 1180 (1980)
Theodore Cleveland CHAVERS, Appellant,
v.
STATE of Florida, Appellee.
No. NN-347/T1-81.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant, convicted of burglary of a structure, contends the trial court erred: (1) in denying a motion for mistrial after allegedly improper prosecutorial comments; and (2) in allowing prejudicial cross-examination of a key defense witness concerning unrelated specific acts of sexual misconduct.
Appellant contends that the following prosecutor question and arresting officer answer amounted to an improper comment upon the failure of the defendant to make a statement or explanation, in violation of his Fifth Amendment privilege against self-incrimination, and his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966):
Q. Did they give any explanation for the possession of those coats?
A. Stanley Scott, a Co-defendant, gave me a statement later at the Police Department.
We find appellant's argument to be without merit. The foregoing question and answer did not constitute "comment" on the constitutional right to remain silent. Such inquiries are proper when the purpose *1181 is to permit the jury to consider the inference of guilt drawn from the fact of unexplained possession of recently stolen goods. State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); Whiteside v. State, 366 So.2d 1232 (Fla. 2d DCA 1979); Cridland v. State, 338 So.2d 30 (Fla. 3d DCA 1976).
However, the trial court erred in allowing the prosecution to ask defendant's key witness the following questions over objection during cross-examination, and erred in allowing the prosecutor to refer to the testimony during closing argument:
Q. Okay. Did you admit in the Tom Fulford trial that you were a hooker?
A. No, I didn't.
Q. Now, you said you were a witness for the state, now, tell the ladies and gentlemen of the jury what he paid you $100.00 for.
A. He paid me $100.00 to go to bed with him.
Although the general reputation of a witness for truth and veracity may be shown, it is improper to allow inquiries relative to the general moral character of a witness. Andrews v. State, 172 So.2d 505 (Fla. 1st DCA 1965). In this case, the balance of the defense witness' testimony exonerated the appellant and placed the entire blame on a third party. Evidence of unrelated particular acts of misconduct (except for the fact of a prior conviction) may not be introduced to impeach the credibility of a witness. See Fulton v. State, 335 So.2d 280, 284 (Fla. 1976); Butler v. State, 94 Fla. 163, 113 So. 699 (1927); Baker v. State, 51 Fla. 1, 40 So. 673 (1906); Andrews v. State, supra; Urga v. State, 155 So.2d 719 (Fla. 2d DCA 1963), cert. denied, 162 So.2d 904 (Fla. 1964). In Fulton v. State, the Supreme Court held that allowing the state, over objection, to cross-examine a defense witness as to a pending charge of second degree murder against the witness' was improper and, as the witness' testimony went to the heart of the defendant's claim of self-defense, the error could not be held harmless.
This court in McArthur v. Cook, 99 So.2d 565 (Fla. 1957), in reversing the defendant's conviction stated: "[If the witness] had been sufficiently discredited . . in the minds of the jurors, the ultimate result of the case could have been entirely different. We do not say that it would or should have been different; we merely hold that if the correct rule of evidence had been applied, it could have been." Id. at 568 (emphasis added). Fulton v. State, supra at 285.
The defense witness' testimony in the present case went to the heart of appellant's defense; therefore, the error in allowing the improper evidence was not harmless.
Accordingly, we reverse on the second point and remand for a new trial.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.