417 So.2d 1022 (1982)
GENERAL TELEPHONE COMPANY and American Motorists Insurance Company, Appellants,
v.
Van Earl WALLACE, III, Appellee.
No. 81-1623.
District Court of Appeal of Florida, Second District.
July 2, 1982.
Rehearing Denied August 16, 1982.
*1023 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Richard A. Bokor and David A. Maney of Gordon & Maney, Tampa, for appellee.
DANAHY, Judge.
The defendants in this personal injury suit appeal an adverse final judgment entered on a jury verdict in favor of the plaintiff. We hold that the jury was improperly allowed to consider a doctor's opinion as to the truth and veracity of the plaintiff, and reverse.
The plaintiff was injured when a General Telephone Company truck struck his motorcycle on North Dale Mabry Highway. The plaintiff testified that the accident occurred while he was on his way home from the Dale Mabry campus of Hillsborough Community College, a good distance south of the accident scene. The plaintiff further testified that his motorcycle was in the left-hand lane of north-bound traffic, though possibly it might have been on the center line, and that the General Telephone Company truck was in the right-hand lane. The plaintiff said that the truck came up from behind and bumped the plaintiff's back tire while the plaintiff was in the right-hand portion of the left lane. The plaintiff's testimony was the only evidence presented by the plaintiff on the issue of liability.
The defendants' evidence pointed to an entirely different version of the circumstances surrounding the accident. The driver of the General Telephone Company truck, for example, testified that he saw the plaintiff's motorcycle pull out of a side street just prior to the accident, cross the right lane of traffic and enter into the left lane. The driver's testimony and other evidence would support the conclusion that the plaintiff's motorcycle then turned from the left lane into the right lane, in front of the General Telephone Company truck, causing the truck to hit the plaintiff's motorcycle.
During the plaintiff's case in chief and prior to the plaintiff's testimony, the plaintiff's counsel called Dr. Michael Wasylik, the plaintiff's treating physician. After asking Dr. Wasylik questions concerning the plaintiff's manifestations of pain from his injuries, counsel asked the following question and received the following answer over the defendants' vigorous objection:
Q And what is your opinion about this man's truth and veracity as he has been your patient?
A I feel Van is an honest man.
During closing argument, the plaintiff's counsel made the following argument to the jury, to which the defendants also objected:
And when I asked the doctor, Doctor, do you have an opinion if this man has been honest and candid with the medical history which was so important necessity with pain and advisability of operative procedure, he came back with a very honest and candid, wonderful response. He said, Mr. Bokor, Mr. Van Wallace, Van Wallace is an honest man. That's what he said. So not to believe this young gentleman that he saw the truck come on the road is to call him a liar.
*1024 The opinion elicited from Dr. Wasylik concerning the plaintiff's truth and veracity, and the argument based on that opinion, violate two rules of law. The first rule is that evidence of good character or reputation is not relevant and is inadmissible in a civil action where the reputation of the party has not first been attacked by evidence of bad character. Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940). The second rule is that testimony with regard to reputation for truth and veracity must be bottomed upon the reputation in the person's community of residence. Florida East Coast Ry. v. Hunt, 322 So.2d 68 (Fla. 3d DCA 1975). So called expert opinion as to the truthfulness of a witness is inadmissible. Lamazares v. Valdez, 353 So.2d 1257 (Fla. 3d DCA 1978). Almost a hundred years ago the Court of Civil Appeals of Texas was confronted with a situation similar to that presented to us in the instant case, and had this to say:
Dr. Field, who treated the plaintiff, testified that he complained of deep and severe pains in his back, loins and legs; and we think it was proper for him to give his opinion as an expert as to whether or not the plaintiff was injured, and the nature and extent of his injuries; and in so doing he could state whether or not, in his opinion, the complaints referred to were real or simulated. But it was not proper, after he had stated that he did not believe the plaintiff was simulating, to state, in the nature of a reason for such belief, that he had known the plaintiff a long time. He could give any reason within the range of expert testimony for his opinion as to the reality of the plaintiff's complaints; but he could not, as an expert, base his opinion on his confidence in the integrity of the man. Such evidence would not be expert testimony, because any other person, who had known the plaintiff the same length of time, would be as well qualified to speak concerning his honesty. Besides, this testimony tended to support the plaintiff's character for honesty, which had not been attacked by appellant. It is true that on cross-examination Dr. Field had been asked if it was not possible for a person to simulate such complaints, and deceive a physician, and he had stated that it was. Proof that it was possible for a person to have sworn falsely or acted dishonestly does not constitute an attack upon such person's character; and, until his character is assailed, evidence is not admissible in support thereof, and then the evidence pro and con must refer to the person's general reputation, and not be the individual opinion of the witness.
Austin & N.W. Ry. v. McElmurry, 33 S.W. 249, 250 (Tex.Civ.App. 1895).
These rules are embodied in the Florida Evidence Code at section 90.609, Florida Statutes (1981). That section provides:
A party may attack or support the credibility of a witness, including an accused, by evidence in the form of reputation, except that;
(1) The evidence may refer only to character relating to truthfulness.
(2) Evidence of a truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence.
For the foregoing reasons, we reverse and remand for a new trial.
REVERSED and REMANDED.
HOBSON, A.C.J., and GRIMES, J., concur.