439 So.2d 958 (1983)
Vera KINNON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1684.
District Court of Appeal of Florida, Third District.
October 18, 1983.
Rehearing Denied November 17, 1983.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
*959 Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The sole question raised in this appeal from the appellant's conviction for grand theft is the claim that the prosecutor's final argument improperly referred to her failure to testify. We affirm.
After she was found with 49 stolen dresses in a truck which had left the scene of a retail store break-in shortly before, Kinnon was accused of their theft. She did not take the stand at the trial. Her counsel's final argument stressed the fact that only two males, and not she, had been seen at the burglary itself. In response, the state attorney argued in part as follows:
Ladies and gentlemen, I ask you again to consider the specific facts that the State is proving. The possession of this defendant of that property. The fact that she was sitting in the truck.

The issue is why didn't anyone see her before that. How come people only talked about two people or two black people around the scene and no more. That was the BOLO that came out, two black people, so the best information the police had at that time. When the police officer, Officer Bosworth, finally sighted the truck, he saw only two people in the truck, the two black males. That was when he was on 27th Avenue and 8th Street. He pulled in and followed that truck in his testimony from 27th Avenue to 13th Avenue, total of fourteen blocks, about a mile and a half, something like that. You can probably compute the distance as well as anybody. He followed it for several minutes, said it was going at a slow rate of speed, and I asked him, specifically, `How far were you away?' `A car length away.' `How many people did you see in the truck?' `Two,' he said. `I only saw two people in the truck,' so the defendant Kinnon was somehow sitting down, scrunched down, so she couldn't be seen, couldn't be seen by the officer, and wasn't seen by Mr. Trinchet when he tried to follow the car heading east on Aragon and then lost it on the corner of Coral Way and Douglas heading east. He didn't see anybody else but two people in the car, but I suggest she was in the car just the way she was in the truck, in the front seat of that truck the entire time that Officer Bosworth is following it for thirteen blocks or fourteen blocks down 8th Street. No explanation. If she wasn't in the truck all that period of time, is there any other explanation. Why are we here?
MR. LAPIDUS [defense counsel]: Your Honor, I would ask for a side bar.
THE COURT: It's not necessary for a side bar. He just made a statement. It's argument.
MR. LAPIDUS: Judge.
THE COURT: Overruled.
MR. LAPIDUS: Judge, I have a right to now make a proffer to the court here. We are not required to prove anything. She is just commenting on her Fifth Amendment right.
MR. DOHENY [prosecutor]: I am only asking the jury if there is any explanation from anybody or any testimony about any explanation from anybody that night, any reasonable explanation for this person being in that truck and those dresses being in the truck in that person's possession, and I submit to you, without that explanation, you must find that she knew or should have known that that property was stolen. [emphasis supplied]
At that point, out of the jury's presence, counsel moved for a mistrial, which was denied, on the ground that the prosecutor's statements commented on the defendant's right to remain silent.
We cannot agree that the challenged remarks constituted a comment on the defendant's fifth amendment rights. Taking them, as we must, Harris v. State, 438 So.2d 787 (Fla. 1983), as a whole, the references to the lack of an "explanation" presented by the defendant clearly relate to the inference of guilty knowledge which may be drawn, as the jury was instructed without *960 objection below,[1] from her unexplained possession of the recently stolen dresses. Such a comment is a perfectly permissible one. Chavers v. State, 380 So.2d 1180 (Fla. 5th DCA 1980), cert. denied, 388 So.2d 1118 (Fla. 1980); Cridland v. State, 338 So.2d 30 (Fla. 3d DCA 1976).
Kinnon argues, however, that the "No explanation," and the "is there any other explanation[?]" statements which immediately preceded her counsel's interruption could reasonably have been regarded by the jury as referring to her failure to testify to explain why she was present in the truck and that they therefore require reversal "regardless of [their] susceptibility to a different construction." Trafficante v. State, 92 So.2d 811, 814 (Fla. 1957); David v. State, 369 So.2d 943 (Fla. 1979); Layton v. State, 435 So.2d 883 (Fla. 3d DCA 1983). Whether or not this might have been true if these phrases had stood alone, that was not what happened here. As Harris emphasized, allegedly offending remarks may not be wrenched from the context of all that the jury heard on the subject in question. In this case, any improper inference which may have arisen in the jury's mind from what were merely ambiguous and generalized references to the defendant's lack of an explanation was immediately dissipated by the prosecutor's explicit statement that there was no such contention and that only a concededly proper reference was involved.[2] When, as here, they were at once and clearly disabused of any such notion, we refuse to indulge the anyway dubious presumption that the jurors inevitably drew the wrong conclusion from apparently innocuous statements in which only lawyers and judges sensitized to possible error could even detect a sinister implication. Cf., e.g., Jones v. State, 44 Fla. 74, 32 So. 793 (1902) (applying presumption of correctness in trial court's conduct of trial); Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979) (statute construed to render it constitutional, even if reasonably susceptible of another, unconstitutional interpretation). We do not, as in obedience to Hoffman v. Jones [280 So.2d 431] we could not, hold that there was "harmless error" in the argument. Harris v. State, supra; David v. State, supra. Rather, we find that there was no error at all.
Affirmed.
NOTES
[1] The jury instructions included the following:

Proof of possession of recently stolen property unless satisfactorily explained, gives rise to the inference that the person in possession of the property knew or should have known that the property had been stolen.
[2] We would agree that the reversible effect of an unequivocal reference to the defendant's failure to testify could not be "cured" in this manner.