PER CURIAM.
The defendant Nathaniel Lane appeals his criminal convictions and sentences entered below for robbery and attempted first degree murder. Two points are raised on appeal. First, it is urged that the trial court erred in denying the defendant’s motion to suppress the victim’s identification of the defendant. Second, it is urged that the trial court erred in restricting the cross-examination of the state’s identification witnesses. We are unpersuaded that these points merit a reversal and affirm.
As to the first point, our review of the record shows that the error, if any, in admitting the complained-of evidence was harmless beyond a reasonable doubt in view of the other overwhelming evidence of guilt presented below. See Chapman v. California, 386 U.S. 18, 22-24, 87 S.Ct. 824, 827-28, 17 L.Ed.2d 705, 709-11 (1967); § 924.33, Fla.Stat. (1983). As to the second point, the defendant was precluded from establishing that the victim was selling marijuana just prior to the robbery, and that another eyewitness had previously undergone a mental evaluation with undisclosed results. The trial court did not abuse its discretion in concluding that the minimal relevancy, if any, of this evidence was far outweighed by its prejudicial impact, so as to preclude its admission in evidence. Sireci v. State, 399 So.2d 964 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); Ho Yin Wong v. State, 359 So.2d 460 (Fla.3d DCA), cert. denied, 364 So.2d 886 (Fla.1978).
The judgments of conviction and sentences under review are in all respects
Affirmed.