521 So.2d 180 (1988)
Pedro ALVARADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2885.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Rehearing Denied March 28, 1988.
*181 Max P. Engel and Kenneth P. Speiller, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Pedro Alvarado appeals his judgments of conviction and sentences for first-degree murder, attempted armed robbery, shooting into an occupied dwelling, and possession of a firearm during the commission of a criminal offense. He raises five points on appeal which, in our view, fail to present reversible error. We accordingly affirm.
First, the defendant claims that the trial court committed reversible error in granting a motion in limine filed by the state which precluded him from eliciting "any and all reference to the opinion of any witness concerning his/her belief as to the truthfulness or criminality of another witness." We see no reversible error because (a) such opinion evidence was clearly inadmissible, General Tel. Co. v. Wallace, 417 So.2d 1022, 1023 (Fla. 2d DCA 1982); see Florida East Coast Ry. v. Hunt, 322 So.2d 68, 69 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 600 (Fla. 1976), and (b) the trial court properly allowed the defendant to establish that a state witness' reputation for truthfulness in the community was bad. See Antone v. State, 382 So.2d 1205, 1213 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980); Stanley v. State, 93 Fla. 372, 112 So. 73, 74 (1927); Nelson v. State, 32 Fla. 244, 13 So. 361, 362 (1893).
Second, the defendant claims that the trial court committed reversible error in giving a jury instruction on excusable homicide. We cannot agree because (a) the defendant did not object to this instruction at trial, and (b) no fundamental error is presented. See Castor v. State, 365 So.2d 701, 703 (Fla. 1978); Williams v. State, 400 So.2d 542, 543-44 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983); Suarez v. State, 478 So.2d 1173, 1174 (Fla. 2d DCA 1985).
Third, the defendant claims that the trial court committed reversible error in precluding defense cross-examination of state witnesses concerning "payments for testimony or possibility of rewards." We have reviewed the three rulings complained of and have concluded that the error, if any, in these rulings was entirely harmless. See Medina v. State, 466 So.2d 1046, 1049-50 (Fla. 1985); Hernandez v. State, 360 So.2d 39, 41 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1367 (Fla. 1979); cf. Butler v. State, 94 Fla. 163, 167, 113 So. 699, 701 (1927).
The fourth and fifth points on appeal attack the sufficiency of the evidence to support the verdict and complain about a limitation on the defense attempts to establish third-party culpability. There is no merit to either point. See Ho Yin Wong v. State, 359 So.2d 460, 462-63 (Fla. 3d DCA), cert. denied, 364 So.2d 886 (Fla. 1978); Mercer v. State, 347 So.2d 733, 734-35 (Fla. 4th DCA 1977).
*182 The final judgments of conviction and sentences under review are, in all respects,
Affirmed.