THREADGILL, Judge.
The former husband files this interlocutory appeal, claiming error in the denial of his motions for contribution or setoff and for stay of the sale of joint property. We affirm the order of the trial court.
In this bifurcated dissolution, the court entered an order dissolving the marriage of the parties on June 15, 1987. Thereafter, on July 14, 1987, the court entered its Order Regarding Financial Issues containing the following provisions pertinent to this appeal:
2. As to the joint Carrollwood property, the Husband may pay to the Wife within one (1) year the sum equivalent to one-half the equity in the property or, if he decides not to buy out her interest in this manner, the property shall be placed for private sale and sold at a price to be agreed upon by the parties or to be determined by the Court within one year from the date of this final judgment.
3. As to the joint Grove property, the Husband shall have the right to pay to the Wife an amount equivalent to 32.82 percent of the current equity in the Grove property within one (1) year of the date of this final judgment. If he decides not to exercise this buy out option, the property shall be placed for private sale and sold at a price to be agreed upon by the parties or to be set by the Court, and said sale shall be consummated within one (1) year from the date of this final judgment.
This order was affirmed by this court without opinion. Pau v. Pau, 535 So.2d 274 (Fla. 2d DCA 1988).
During the pendency of the first appeal, the husband filed the motions which are the subject of this appeal. The first motion for contribution or setoff, filed April 5, 1988, sought contribution from the former wife for mortgage payments, taxes, insurance and homeowners’ association dues the husband paid on the Carrollwood property since October, 1984.
The second motion for contribution or setoff filed at the same time, sought contribution for mortgage payments, taxes, insurance and maintenance paid by the husband on the grove property since October, 1984. In addition, the husband moved to stay the sale of the properties pending disposition of the first appeal. The trial court denied the motions and this timely appeal ensued.
The husband’s motion for contribution or setoff for monies expended before the entry of the order regarding financial issues was properly denied because the issue should have been raised before entry of the order. See Harrell v. Harrell, 515 So.2d 1302 (Fla. 3d DCA 1987) and Davis v. Dieujuste, 496 So.2d 806 (Fla.1986). Further, other than argument of counsel, the record reflects no evidence of the husband’s contributions since the date of the order. Lest the requests for contribution become a continuing concern, we now consider the trial court’s order regarding financial issues, finding proper interpretation thereof to be dispositive.
The husband argues that upon dissolution of marriage the parties became tenants in common with mutual obligations to pay the charges on the properties held in common. He also asserts that any tenant who pays such charges has a right to recover from the other tenant proportionate to the other tenant’s interest. Mintz v. *641 Ellison, 233 So.2d 156 (Fla. 3d DCA 1970). We agree with these statements as a general proposition of law but do not believe they are controlling under the facts in this case.
We interpret the court’s order to find not that the parties were to remain as tenants in common, but that the husband was to pay the wife her proportionate interest in the properties as part of the overall equitable distribution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Pri- or to the dissolution, the husband had routinely been responsible for all of the contested expenses, and had the court intended the parties to share the expenses of the properties pending sale, it could have so specified. The order regarding financial issues defines the wife’s interest as a specific proportion of the equity in the property as of the date of the order and commands the husband to pay her that equity within one year. Should the husband not have the resources to do so, the order allows him to sell the property within one year. We think it pertinent to the issue of contribution to note that had the husband exercised either alternative immediately following the order, he would have no claim for contribution or setoff. The wife should not be penalized, nor the husband enriched, by delays within the husband’s discretion. We therefore affirm the denial of the motions for contribution or setoff.
The husband’s second point on appeal, that the court erred in denying a stay of the sale of the property, is moot because the order requiring sale was affirmed on appeal.
The order appealed from is affirmed.
SCHEB, A.C.J., and PARKER, J., concur.