PER CURIAM.
Defendant appeals the denial of his motion for post-conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Defendant was convicted and sentenced for first degree murder with a firearm, armed burglary of an occupied dwelling, attempted armed robbery of a dwelling with a firearm, improper exhibition of a dangerous weapon and possession of a firearm during the commission of a felony. The convictions and sentences were affirmed on appeal. Alvarado v. State, 521 So.2d 180 (Fla. 3d DCA 1988). Defendant then filed a motion for post-conviction relief, arguing that his convictions and sentences should be reversed because both his trial counsel and his appellate counsel had rendered ineffective assistance.
The first contention, that defendant’s trial counsel was ineffective, lacks merit. *275 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla.1981); State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA 1985). We affirm the denial insofar as the denial was predicated on that ground.
Defendant’s second assertion, that his appellate counsel was ineffective, has merit. The state correctly concedes that the sentences for improper exhibition of a dangerous weapon and possession of a firearm during the commission of a felony imper-missibly subjected defendant to double jeopardy when the convictions for first degree murder, armed burglary of an occupied dwelling with a firearm, and attempted armed robbery with a firearm are taken into account. Hall v. State, 517 So.2d 678 (Fla.1988); Carawan v. State, 515 So.2d 161 (Fla.1987).[1] Appellate counsel rendered ineffective assistance in failing to raise the issue and defendant was prejudiced by the failure. Smith v. State, 400 So.2d 956 (Fla.1981). We treat the appeal of the denial of the motion for post-conviction relief on this issue as a petition for writ of habeas corpus, grant the petition, reverse the sentence, and remand for re-sentencing.
Affirmed in part, reversed in part, and remanded.

. Alvarado's appeal was pending when the Florida Supreme Court opinions in Hall and Cara-wan were issued,