W. SHARP, Judge.
Paul Aust appeals from the final order of dissolution terminating his ten-year marriage to Lynn Aust. He raises numerous points on appeal concerning the equitable distribution of the parties’ marital assets, the award of $2,000.00 per month permanent alimony to Lynn, and the amount of child support ($2,969.00 per month) awarded Lynn for the care of their two daughters, who were three and six years old, at the time of the dissolution. We find no material reversible error in this judgment, except for the amount of child support awarded below.
Testimony and evidence in this record support a finding that Paul’s net monthly income from his employment (a pilot for Northwest Airlines) as defined by the child support guidelines, totals $8,727.00 per month (excluding any investment income). The court did not impute any income to Lynn, because she was earning only $647.00 (net) per month as a part-time flight attendant for Delta Airlines. Lynn testified if she worked full-time, the cost of child care would exceed her increased earnings, and prior to the dissolution, the parties agreed Lynn would devote most of her time and energy to raising their children.
In the final judgment, the court said it intended to award as child support approximately twenty-one percent of Paul’s net monthly income, pursuant to the child support guidelines. See § 61.80(6), Fla.Stat. (1993). As stated above, it did not impute any income to Lynn, nor include in its calculation her net part-time earnings. The court also said it intended to adjust “upward” Paul’s monthly child support obligation because, prior to the dissolution, the parties contemplated their daughters would attend private schools, and it was in their best interest to do so. See § 61.30(11)(a), Fla.Stat. (1993).
Assuming for the sake of argument that the court was correct in not including any part-time earnings for Lynn, or additional imputed net earnings, in the child support calculation, the award of child support in this case approaches thirty-four percent of Paul’s net monthly income. This appears excessive because, in this ease, the children have no special needs or problems to justify such an award. And the court made no such findings.
Pursuant to the guidelines in effect at the time this judgment of dissolution was rendered, section 61.30(6) establishes a minimum standard child support award for two children at $2,088.00 per month (net income of $8,700.00) and $2,094.00 (net income of $8,750.00). § 61.30(6), Fla.Stat. (1993). A deviation of five percent is permissible without a 'written specific finding as to why the guidelines sum is inappropriate. § 61.30(1)(a), Fla.Stat. (1993). Applying the guidelines to this case, the child support award should not exceed $2,195.55 per month.[1]
Accordingly, we affirm the judgment appealed in all regards, but we remand for a recalculation of the amount of child support to be awarded Lynn for the care of the parties’ children. The court may take additional testimony in order to consider the parties’ current earnings in recalculating child support. It may also consider any special needs of the children (such as private school tuition), which cannot be met by an award five percent above the minimum amount set in the guidelines.
AFFIRMED in part; REVERSED in part; REMANDED.
GOSHORN and PETERSON, JJ., concur.

. This includes five percent over the minimum amount.