MUIR, CELESTE HARDEE, Associate Judge.
Mack Arthur Moton appeals the judgment of conviction for armed robbery with a firearm after a denial of his motion for mistrial. We reverse because the state improperly elicited character evidence involving LaFrance, a key state witness, and the error was not harmless.
Evidence of the character of a witness is irrelevant and thus inadmissible. See §§ 90.402 and 90.404, Fla. Stat. The only exception is when that character has been attacked. § 90.609, Fla. Stat. Proof of the characteristic is limited to testimony in the form of reputation. § 90.609, Fla. Stat.
At the trial, the prosecutor asked the employer of LaFrance “to make some general observations about Mr. LaFrance.” The trial judge overruled a timely objection to this question and in response, the employer stated that Mr. LaFrance was: “honest, trustworthy ...” Defense counsel objected:
Judge again, I object. This is now a characterization of the previous witness as to his honesty and integrity and I object to that and ask that comment be stricken from the record and ask that the jury disregard it. And I reserve a motion ... [for mistrial made later at sidebar],
Although the credibility of the state witness LaFrance had been vigorously attacked by defense counsel, the trial court failed to timely cure the prejudice engendered by the prosecutor’s attempt to bolster the state witness’ credibility through another witness. At a minimum, the trial judge should have instructed the jury to disregard the state witness’ comment on credibility improperly elicited by the prosecutor. See Hunter v. State, 660 So.2d 244, 252 (Fla. *1272 1995), approving a curative instruction for an improper comment on credibility.
In this case in which the issue of credibility of the state witness LaFrance is crucial, we cannot say that the judge’s error is harmless. See Alvarado v. State, 521 So.2d 180, 181 (Fla. 3d DCA 1988). Accordingly, we reverse and remand for a new (third) trial.
DELL and STEVENSON, JJ., concur.