709 So.2d 162 (1998)
David Miles FULLERTON, Appellant,
v.
Rita Gehenio FULLERTON, Appellee.
No. 96-3364.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
*163 Richard J. D'Amico, Daytona Beach, for Appellant.
James L. Padgett, Crescent City, for Appellee.
THOMPSON, Judge.
David Miles Fullerton, the former husband, appeals the judgment of dissolution which dissolved his marriage to Rita G. Fullerton, the former wife. We affirm the portions of the final judgment dissolving the marriage, and awarding custody and exclusive possession of the marital home to the former wife; however, we reverse the support awards and remand for reconsideration and clarification of economic issues.

CHILD CUSTODY
David contends that he is the more fit parent to have primary custody of the parties' two children and infers that, in awarding primary responsibility to the former wife, the trial court applied the "tender years" doctrine. Under the "tender years" doctrine, the mother was given custody of young children unless she was "unfit." Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996) (citing Powell v. Powell, 604 So.2d 30 (Fla. 2d DCA 1992)). The former husband correctly states that the legislature abolished the tender years doctrine, id., but there is nothing in the record or the judgment suggesting that the court applied the doctrine in the instant case.
Instead, the evidence regarding the domestic violence, and the former husband's statements and actions regarding suicide, support the trial court's conclusion that the former wife is the more appropriate parent to have primary responsibility. The standard of review of an initial custody order is abuse of discretion, see Sullivan v. Sullivan, 668 So.2d 329 (Fla. 4th DCA 1996), and no abuse has been shown, see Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We find the court correctly applied the criteria of section 61.13, Florida Statutes, in determining who should be the primary residential parent. In affirming, we give great weight to the factual determinations made by the trial court. Kern v. Kern, 333 So.2d 17 (Fla.1976).

WITNESS TESTIMONY
The former husband argues that the court erred when it would not allow a school guidance counselor and a psychiatrist to testify. We find no error.
The former husband sought to have the school counselor testify as an expert in guidance counseling or to testify as a fact witness based upon conversations she had with one of the parties' children. We see no abuse of discretion in the court's ruling that the unfair prejudice would outweigh the probative *164 value of the testimony. With regard to the guidance counselor's observations, there was no proffer of what the testimony would be, except that there was some vague reference to the child's desire for a cat. No reversible error has been shown. See Lucas v. State, 568 So.2d 18, 22 (Fla.1990), cert. denied, 510 U.S. 845, 114 S.Ct. 136, 126 L.Ed.2d 99 (1993) (holding proffer necessary to preserve claim that testimony improperly ruled inadmissable).
The former husband called a psychiatrist to testify that he thought the father would be a better custodial parent. The expert never examined the former wife, and his testimony, based solely on a review of her deposition, would have been that the former wife was lying. The trial court properly ruled that the expert's opinion was inadmissible, since its only value was to offer an opinion as to the truthfulness of a witness. See General Telephone Co. v. Wallace, 417 So.2d 1022 (Fla. 2d DCA 1982) (holding it is improper for a factfinder to consider an expert's opinion as to the veracity of a witness). Moreover, any error was harmless because the witness testified earlier that the father was the more fit parent.

ECONOMIC ISSUES
The former husband testified that he earned $28,638 as a speech pathologist and that he was expecting a three percent raise. The trial court also found the former husband grossed $5,800 in business income, for a total of $34,670 per year. The trial court found that the former wife earned $16,700 per year as a high school secretary. However, her financial affidavit established that she earned $18,241.68. In the final judgment, the trial court ordered the former husband to pay the guidelines amount of $563.22 per month as child support, $150 per month rehabilitative alimony, the $650 per month mortgage payment on the marital home, and to continue health insurance costing $100 per month. We reverse these support orders.
First, we agree with the former husband that the trial court erred when it awarded the former wife rehabilitative alimony of $150 per month for five years. This court has held that rehabilitative alimony cannot be awarded absent a rehabilitative plan. Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994), rev. denied, 699 So.2d 1373 (Fla. 1997); Berki v. Berki, 636 So.2d 532 (Fla. 5th DCA), rev. denied, 645 So.2d 450 (Fla.1994). In this case, the former wife neither requested rehabilitative alimony nor did she present a rehabilitative plan. She requested funds, in addition to child support, until she could arrange to have the mortgage refinanced. This was not permanent alimony, nor was it rehabilitative alimony, nor was it alimony to equitably divide property. In essence, it appears the former wife was seeking a bridge-the-gap award. This court has held that there is no such thing as bridge-the-gap alimony and that any such award is error. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla.1984).
Second, the former husband argues that, because the former wife was awarded exclusive possession of the marital home until each child reaches majority, until the former wife remarries or until further order of the court, the $650 per month mortgage payment constituted additional child support. He argues that the total of the child support guidelines amount and the mortgage payment exceeds the guidelines amount by more than 5% with no written reasons. See § 61.30(1)(a), Fla. Stat. (1995). We reverse this award and remand for clarification because it is not clear what the court intended with respect to the monthly payment of $650, and because the parties' incomes are unclear.
Although nothing in the guidelines precludes a court from awarding indirect child support such as housing, life insurance benefits, private schooling, and so on, the cost of indirect support must be added to the amount of direct support awarded when calculating the total amount of child support awarded. In Aust v. Aust, 644 So.2d 536 (Fla. 5th DCA 1994), the trial court added the cost of private schooling to the guidelines amount, which resulted in an upward departure greater than five percent. This court reversed and remanded, noting that a deviation of greater than five percent requires a written finding. Although in Aust the payor *165 spouse made the tuition payments directly to the payee spouse, whereas in the instant case the former husband will presumably be making the payments directly to the mortgagee, there is no substantive basis on which to distinguish the instant case and Aust.
On the other hand, if the trial court intended to require the former husband to pay the mortgage and get credit for the payments, then the $650 mortgage payment could be sustainable. Upon dissolution, the former husband and former wife become tenants in common with mutual obligations to pay charges on the property held in common. Lawlor v. Lawlor, 591 So.2d 330 (Fla. 5th DCA 1992) (Sharp, J., dissenting) (citing Pau v. Pau, 537 So.2d 639 (Fla. 2d DCA 1988)). Florida law is clear that a cotenant who makes payments for expenses on property in excess of his share has a right of reimbursement from the other cotenant. Id., (citing Kelly v. Kelly, 583 So.2d 667 (Fla.1991); Heldmyer v. Heldmyer, 509 So.2d 1310 (Fla. 5th DCA 1987); Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980); Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976); Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975)).
However, the trial court did not specifically allow the former husband credit for his payments. In the final judgment, the trial court retained jurisdiction "regarding the marital residence, including the award of any post-dissolution credits." (Emphasis added). Since the judgment is silent on reimbursement, the former husband would be entitled to a credit for one-half the mortgage payments. Cf. Williams v. Williams, 683 So.2d 1119 (Fla. 3d DCA 1996) (former husband not entitled to credit against child support in amount of mortgage payments where former husband entitled to reimbursement for mortgage payments upon sale of residence). Upon remand, the trial court should clarify whether it intends for the former husband to receive credit for the mortgage payment.
Finally, the portions of the order requiring the former husband to make support payments must be reversed because the parties' income and expenses are uncertain. The trial court based the calculation of the former husband's income on his $28,638 salary as a school employee and on $5,800 he earned through a one-time home-remodeling job, but did not address the former husband's income of $2,000, which he received as an annual supplemental income for teaching summer school, or his income from selling craftwork. Moreover, there is no discussion of the former husband's business expenses or tax obligations. Additionally, the trial court determined the mother's income to be approximately $16,700 per year when her own financial affidavit showed an income of approximately $18,241.68 per year. We are not able to determine from the record or the final judgment, the former husband's net income from all sources after deductions or the former wife's net income after deductions. Since, by statute, the former husband's share of child support is based upon his percentage of total income, we remand for clarification.

CONCLUSION
We affirm the portions of the final judgment which dissolve the marriage, award child custody, and award exclusive possession of the marital home, and we reverse the support awards. The trial court is directed to clarify various economic issues. The trial court should determine the parties' gross and net incomes, taking additional evidence if necessary, and include the former husband's summer school income unless grounds are given why it should not be included. The court should specify for whom support awards are made. If an award is made for the former wife, the court should make the findings required by section 61.08(1). If the award of child support exceeds the guidelines amount by more than five percent, the court should state the reasons. The court should rule on whether any mortgage payments paid will be credited to the payor spouse. In addition, the value and nature (marital or nonmarital) of the parties' assets should be set forth. Finally, the court should also specify the interest awarded each spouse in the other's pension.
AFFIRMED in part, REVERSED in part, and REMANDED.
*166 PETERSON, J., concurs.
GRIFFIN, C.J., concurs in result only.