PER CURIAM.
On this appeal from his conviction and sentence for second degree murder, Jorge Armando Esparza argues that the trial court improperly permitted the prosecutor to use one of its witnesses to bolster the testimony or credibility of another of its witnesses at the trial below. See Moton v. State, 697 So.2d 1271, 1272 (Fla. 4th DCA 1997); Buckner v. State, 689 So.2d 1202 (Fla. 3d DCA 1997). The state correctly points out on this appeal, however, that this issue was not preserved for appellate review where it was not the basis of the defense objection interposed below. See Hines v. State, 425 So.2d 589, 590 (Fla. 3d DCA 1982) (stating that “when an objection is made on one ground at trial, no new or different ground may be considered on appeal”). Even if this issue had been properly preserved for our review, we note in passing that it nevertheless lacked merit where the state witness at issue never commented or testified as to the credibility of another state witness.
Affirmed.